# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES DERRICK KELLER,

    Plaintiff,

v.

J.S. WALTON, *et al.*,

    Defendants.

Case No. 3:16-cv-00565-JPG-DGW

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 66) of Magistrate Judge Donald G. Wilkerson recommending that the Court deny both the Motion to Dismiss Count I of Plaintiff's Complaint filed by Defendants Walton, Patterson, J. Byram, S. Byram, and Behle (Doc. 39), and the Motion to Dismiss Count III of Plaintiff's Complaint filed by Defendants J. Byram, Morris, Mowery, Cook, Bufford, Jr., Snyder, Will, Tanner, Waters, Richey, Hicks, Hampton, Daun, May, Thompson, and Richardson (Doc. 40). The Government has filed an objection to the Report on behalf of the defendants (Doc. 67) and the plaintiff has responded to the objection (Doc. 68).

## I. BACKGROUND

Charles Derrick Keller is serving a 180-month sentence for possessing a firearm as a convicted felon. In 2016, he brought this suit pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that a number of parties violated his constitutional rights while he was incarcerated at United States Penitentiary Marion (USP-Marion). The claims center around Keller's alleged psychiatric condition, which he asserts prison officials inflamed by placing him in unacceptable situations at the prison. Specifically, Keller maintains that prison officials (1)

1

assigned him to a three-man cell when they knew Keller required a single-man cell because of his condition, and (2) confined Keller in a "boxcar" cell—rife with unsanitary and unsafe conditions—in retaliation for Keller's grievances with the prison. The Court screened Keller's complaint pursuant to 28 U.S.C. § 1915A and allowed the following claims to proceed:

> **Count 1:** Eighth Amendment claim against Defendants Walton, S. Byram, J. Byram, Behle, and Patterson, for deliberate indifference to Plaintiff's serious mental health condition in that they housed him under conditions that worsened his psychiatric symptoms;
>
> **Count 2:** First Amendment retaliation claim against Defendants Walton, S. Byram, Behle, J. Byram, Patterson, and Mowery, who took adverse actions against Plaintiff (a retaliatory transfer, false disciplinary report, and placement in the boxcar cell) because he filed grievances over his conditions of confinement;
>
> **Count 3:** Eighth Amendment claim against Defendants J. Byram, Morrison, Mowery, Cook, Bufford, Bushnell, Snyder, Will, Tanner, Morris, Waters, Richey, Hicks, Hampton, Dawn, May, Thompson, Richardson, Trovillion, Pass, and other Jane/John Doe SHU Officers, who kept Plaintiff confined in unsanitary and unsafe conditions in the boxcar cell for seven days, and/or failed to mitigate those conditions after learning of them.

Now, the Government has filed two motions to dismiss on behalf of the defendants seeking to dismiss Counts 1 and 3 pursuant to Federal Rule of Civil Procedure 12(b)(6). First, the Government argues that the Court should dismiss Count 1 because (1) qualified immunity insulates the defendants from suit, and (2) the complaint fails to allege a violation of the Eighth Amendment. Next, the Government argues that the Court should dismiss Count 3 because Keller has not exhausted his administrative remedies.

Magistrate Judge Wilkerson issued a report and recommendation ("Report") that recommends this Court deny both motions. (Doc. 66.) With regards to the Count I arguments, the Report first explains that even though this Court has the discretion to change its decision from the initial screening order, such a reversal is not warranted here. Second, the Report spells out

that qualified immunity does not apply because Keller has sufficiently alleged the elements of an Eighth Amendment deliberate indifference claim: a claim which abrogates qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (qualified immunity does not protect a government official if their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known"); *Carlson v. Green,* 446 U.S. 14 (1980) (allowing a *Bivens* claim predicated on an Eighth Amendment violation to proceed). With regards to the administrative remedies argument, the Report outlines that Keller exhausted his administrative remedies. Even though Keller was tardy in filing his BP-9 form, he had a valid reason for the delay pursuant to 28 C.F.R. § 542.14(a) because he was waiting for the institution to respond to his informal resolution request. The Government has filed an assertive objection to the Report on the Count I issues, but the objection does not mention the exhaustion of remedies matter. (Doc. 67.)

## II.  LEGAL STANDARDS

### A.  Standard of Review

The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the magistrate judge in a report and recommendation. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id*. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

### B.  Federal Rule of Civil Procedure 12(b)(6)

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. ANALYSIS

### A. Count I: The Eighth Amendment & Sovereign Immunity

#### i. *Bivens and 1983*

First, the Government argues that the Report improperly conflated the legal standards of *Bivens* and 42 U.S.C. § 1983. This argument hinges on the Supreme Court's recent opinion in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017): the Government explains that since *Bivens* is a judicially-implied remedy, the Court cannot extend it to new contexts without consulting a "variety of factors". The Government contends that even though Courts have already extended *Bivens* to Eighth Amendment adequate medical care cases, the Report in this case does not explain how inmate cell assignments have anything to do with medical care—and thus this case

is an improper extension of *Bivens*. Accordingly, the Government believes it is entitled to a *de novo* review of pages four through nine of their motion for summary judgment.

The Court disagrees. Although the Government boldly asserts that this "fundamental error infects the R&R" (Doc. 67, pp. 1), the Government's position that this case does not present an issue of medical care is troubling. The initial screening order makes it manifestly clear why this case is an issue of medical care:

> In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001)
>
> [. . .]
>
> **Plaintiff alleges that Defendants Walton, S. Byram, J. Byram, Behle, and Patterson were all aware of his mental health condition and the fact that being housed with a cellmate would trigger his symptoms and lead to conflicts.** He indicates that his disruptive behavior, which led to disciplinary charges and his cell and prison reassignments, was caused by his mental illness. **Rather than follow the longstanding treatment recommendations for Plaintiff to be housed in a single cell, Defendants reassigned him to a three-person cell** and then transferred him to another prison.

(Doc. 12 at 9–10) (emphasis added). The Report is therefore not "infected" with a fundamental error that expands *Bivens* liability to something beyond an issue of adequate medical care. Since the Government's objection here abjectly fails, the Court will not grant the Government's request for a *de novo* review of their entire motion for summary judgment on this ground.

    *ii.*  *Whether the Right is "Sufficiently Clear"*

Next, the Government argues that the Report "define[d] the constitutional right at issue in this case at an extremely high level of generality" rather than targeting the Eighth Amendment issue here with a sufficient level of particularity. (Doc. 67, pp. 2.) This argument loops in with the qualified immunity issue: qualified immunity is only abrogated when an official violates "**clearly established** statutory or constitutional rights of which a reasonable person would have known". *Harlow*, 457 U.S. at 818 (emphasis added). The Government believes that since the Report focused on the broad legal standard for Eighth Amendment claims of deliberate indifference to serious medical needs, there has been no showing that the defendants violated a clearly established constitutional right here.

This argument also fails. It is clearly established that the Eighth Amendment protects inmates from a "deliberate indifference to a serious medical need". *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). In his complaint, Keller accuses the defendants of being deliberately indifferent to his serious psychiatric condition (he has allegedly been diagnosed as a complex trauma victim by the state of Illinois) by placing him in a three-man cell, rather than following the longstanding treatment recommendations for Keller to be housed in a single cell. Keller also clearly alleges that the defendants were all aware of his psychiatric condition and that they deliberately ignored it while they managed the cell block. At this stage in the proceedings, the Court must take all allegations in the complaint as true and accordingly, Keller has made the proper showing for a plausible claim. Since he has done so, his *Bivens* Eighth Amendment claim abrogates sovereign immunity. *Carlson v. Green,* 446 U.S. 14 (1980).

### iii. *Sufficient Personal Involvement*

The Government's final argument is that the Report incorrectly finds sufficient personal involvement of the named defendants in Count I: Walton, S. Byram, J. Byram, Behle, and

Patterson. In the Report, Magistrate Judge Wilkerson explained the grounds for each defendants' involvement. First, J. Byram allegedly gave a written response to Keller that denied one of his requests to be transferred in light of his medical condition to a single-man cell. (Doc. 1-1, ¶¶ 26-27.) Second, Behle, S. Byram, and Walton signed off on a mental health care level three transfer of Keller that caused him to no longer reside in a single-man cell. (*Id.* at 32; Doc. 1-2, p. 22.) And third, Patterson signed (and perhaps prepared) a Mental Health Transfer Summary report that corresponded with Keller's transfer. (Doc. 1-2, pp. 45-46.) The Government objects to these findings and argues that none of these allegations or documents are sufficient to find personal involvement, especially given the Supreme Court's language in *Ashcroft v. Iqbal*: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice". 556 U.S. 662, 678 (2009).

The Court has reviewed this portion of the Report *de novo* and finds the Government's objections to be without merit with respect to all of the defendants other than Patterson. This dilemma does not present an issue of "threadbare recitals of the elements" of an Eighth Amendment violation, supported by mere conclusory statements. Keller here has provided specific allegations and documents in support of his claims. First, with respect to J. Byram, Keller alleges "[o]n May 22nd, 2014, at 10:55 AM, SHU review officer LT. J. Byram arrived at plaintiff's SHU cell with his written response" denying Keller's request that he be accommodated for his mental health issues. (Doc. 1-1, ¶¶ 26-27.) Next, Keller provided the written form that shows Behle's, S. Byram's, and Walton's signatures on the request to disregard Keller's treatment plan and transfer him. (*Id.* at 32; Doc. 1-2, p. 22.) Of course, it is possible that as this case proceeds and discovery flourishes, the Government could prove at another stage that these documents do not suffice to show personal involvement. But at the motion to dismiss stage,

7

Keller has met his simple burden. Moreover, the Government's intertwined argument that vicarious liability is not available against defendant Walton fails for the same reason: he personally signed off on the request that Keller be transferred to a different facility.

The Government's objections regarding defendant Patterson are a different story. As Magistrate Judge Wilkerson noted in the Report, Keller attached to his complaint a "Mental Health Transfer Summary" report that Patterson appears to have either prepared or signed off on in conjunction with Keller's transfer. The Government points out that this form appears to be merely a summary of Keller's mental health history in advance of his transfer. And more suspiciously, even Keller does not address the dubiousness of this document in his response to the Government's objections. (*See* Doc. 68.) The Government is correct that a doctor signing or preparing a mental health history form does not suffice to violate the Eighth Amendment to the United States Constitution. As such, the Court will dismiss defendant Patterson.

### B. Count III: Administrative Remedies

In its objection, the Government does not address the administrative remedies portion of the Report. The Court has reviewed the entire file and finds no clear error in those unobjected portions of the Report.

### CONCLUSION

For the foregoing reasons, the Court **ADOPTS in part and REJECTS in part** the Report (Doc. 66). Specifically, the Court adopts the Report as to all respects other than the conclusion that Keller stated a plausible claim against defendant Patterson. Accordingly, the Court:

- **GRANTS in part** and **DENIES in part** the Motion to Dismiss Count I of Plaintiff's Complaint by C. Behle, J. Byram, S. Byram, M. Patterson, J. S. Walton (Doc. 39);

- **DISMISSES** defendant M. Patterson from Count I of the Complaint;

- **DIRECTS** the Clerk of Court to **TERMINATE** M. Patterson as a defendant in this case; and

- **DENIES** the Motion to Dismiss Count III of Plaintiff's Complaint by J. Byram, Nathaniel Bufford, Jr., C/O Cook, Dawn, Joey R Hampton, Sharon K Hicks, May, David W Morris, Johnathan C Mowery, Josh Richardson, Jeff C Richey, Judd Andrew Snyder, James W Tanner, Thompson, Thomas Richard Waters, Alexander Leif Will (Doc. 40).

**IT IS SO ORDERED.**

**DATED: NOVEMBER 28, 2017**

                                                              **s/ *J. Phil Gilbert***
                                                              **J. PHIL GILBERT**
                                                              **DISTRICT JUDGE**