UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES DERRICK KELLER,

    Plaintiff,

v.

J.S. WALTON, *et al.*,

    Defendants.

Case No. 3:16-cv-00565-JPG-DGW

## **MEMORANDUM & ORDER**

**J. PHIL GILBERT, DISTRICT JUDGE**

This is a prisoner case arising out of United States Penitentiary, Marion (USP Marion). The defendants, represented by and through the United States, have appealed Magistrate Judge Donald G. Wilkerson's order denying the Government's motion for an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). (Doc. 101.) For the following reasons, the Court **GRANTS** the appeal.

**I.    BACKGROUND**

Charles Derrick Keller is serving a 180-month sentence for possessing a firearm as a convicted felon. In 2016, he brought this suit pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that a large number of defendants violated his First and Eighth Amendment rights while he was incarcerated at USP Marion. (Doc. 1.) But this appeal has nothing to do with the merits of those claims. Rather, it centers on whether Keller exhausted his administrative remedies in compliance with 42 U.S.C. § 1997e before filing his complaint. The defendants have properly raised the exhaustion issue as an affirmative defense in this case. (Doc. 41, p. 11.)

This case presents an unusual procedural history on the exhaustion matter. Keller attached a number of detailed exhibits to his complaint that outlined his steps towards exhausting his administrative remedies. Those exhibits, however, demonstrate that Keller submitted his BP-9 form to the appropriate officials about 150 days after the alleged unconstitutional conduct—even though 28 C.F.R. § 542.14(a) instructs that the deadline is "20 calendar days following the date on which the basis for the Request occurred." So the Government, instead of filing the routine motion for summary judgment on the issue, elected to file a motion to dismiss. The Government argued:

> It is rare to raise the defense of exhaustion of administrative remedies through a motion to dismiss under Rule 12(b)(6). Here, however, the detailed allegations of Plaintiff's exhaustion attempts permit the Court to evaluate the exhaustion question as a matter of law. Plaintiff's severely tardy attempt to exhaust his administrative remedies prior to filing suit is not excusable. Even through his voluminous pleadings, he fails to present a cogent argument for the 130-day delay between his release from the "box car cell" and his BP-9 filing. Therefore, he did not comply with 42 U.S.C. § 1997e(a).

(Doc. 40, p. 8.) The Government submitted their motion on March 3, 2017. About a month later, Magistrate Judge Wilkerson set a dispositive motions deadline on the issue of exhaustion of administrative remedies for May 19, 2017, and scheduled a *Pavey* evidentiary hearing for August 7, 2017. (Doc. 47.)

The Government later moved to continue the *Pavey* hearing to a different date because of a scheduling conflict. (Doc. 58.) Following a status conference, Magistrate Judge Wilkerson granted the motion in part, but cancelled the *Pavey* hearing. Magistrate Judge Wilkerson never rescheduled the hearing. It is not clear from the record why the hearing was never rescheduled, but the plaintiffs assert that it was "because the parties were of the belief that the exhaustion issue could be resolved, as a matter of law, based solely upon the Plaintiff's Complaint and accompanying exhibits." (Doc. 105, p. 8.)

But the issue could not be resolved as a matter of law. In November 2017, this Court adopted Magistrate Judge Wilkerson's recommendation that Keller could have had a "valid reason for delay" in filing his BP-9 pursuant to 28 C.F.R. § 542.14(b). (*See* Docs. 66, 69.) Accordingly, the issue was not yet ripe at the motion to dismiss stage and required a motion for summary judgment and *Pavey* evidentiary hearing. So as expected, the Government moved to reschedule the *Pavey* hearing that had originally been cancelled, and in the alternative, to extend the exhaustion dispositive motions deadline. (Doc. 74.) The Government explained that (1) their affirmative defense of exhaustion has not been waived or fully litigated yet, and (2) they did not file a motion for summary judgment on the matter previously because it would have been duplicative of their motion to dismiss. (*Id.* at p. 2.)

Magistrate Judge Wilkerson denied the Government's motion. (Doc. 100.) He explained:

> Defendants made the conscious choice to raise their claims regarding failure to exhaust administrative remedies solely through a 12(b)(6) motion and are now bound by that decision . . . Defendants chose to pursue only one of the dispositive motions available to them, and because that was unsuccessful they now ask the Court for a proverbial second 'bite of the apple' . . . the Seventh Circuit has stated, once an issue is litigated and decided 'that should be the end of the matter.' *Menzer v. U.S.*, 200 F.3d 1000, 1004-05 (7th Cir. 2000) (quoting *Gertz v. Robert Welch, Inc.*, 680 F.2d 527 (7th Cir. 1982)) . . . the issue was decided through the process chosen by Defendants, and they are not now entitled to a second opportunity raise the same issue simply because they are unhappy with either their strategy or the result.

(*Id.* at pp. 4–6.)

II. ANALYSIS

Magistrate Judge Wilkerson clearly erred in his decision, so this Court must set it aside. *See* FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). As the Government correctly explains in its appeal, exhaustion of administrative remedies is an affirmative defense, and the Seventh Circuit has clearly instructed

that the Court should hold an evidentiary hearing on the exhaustion issue matter "when necessary" to determine if the prisoner truly exhausted his remedies and case should proceed on the merits. *Pavey v. Conley, 544 F.3d 739*, 742 (7th Cir. 2008). Here, the Court determined that there *was* an evidentiary dispute as to whether Keller had a valid reason for delay, so a *Pavey* evidentiary hearing on the matter is fully necessary. (*See* Docs. 66, 69.) And contrary to Magistrate Judge Wilkerson's order, the exhaustion issue has not yet been decided and the Government is not "taking a second bite at the apple"—affirmative defenses do not dissipate at the motion to dismiss stage simply because there is a factual dispute underlying the defense. Affirmative defenses are pleadings, and the Court does not strike them at the motion to dismiss stage as long as they "are sufficient as a matter of law or if they present questions of law or fact," as here. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (internal citation omitted).

Accordingly, the Court **GRANTS** the Government's appeal of Magistrate Judge Wilkerson's decision (Doc. 101); **OVERRULES** Magistrate Judge Wilkerson's order (Doc. 100); and **DIRECTS** Magistrate Judge Wilkerson to both hold a *Pavey* hearing and take any other necessary action to comply with the terms of this order.

**IT IS SO ORDERED.**

**DATED: APRIL 18, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**