UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES DERRICK KELLER,

    Plaintiff,

v.

J.S. WALTON, *et al.*,

    Defendants.

Case No. 3:16-cv-00565-JPG-DGW

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Charles Derrick Keller has filed a motion under Federal Rule of Civil Procedure 54(b). (ECF No. 148.) That motion asks the Court to certify its prior order—which dismissed without prejudice one of Keller's three counts in his complaint for failure to exhaust his administrative remedies before filing this prisoner suit—as a final judgment for immediate appeal. Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties…

The point of Rule 54(b) is to allow parties to appeal certain dispositions within a case before the entire case is ready for appeal—but only if (1) the order is a "final judgment"; and (2) there is no just reason for delay. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980). Specifically, "[t]he function of the district court under the Rule is to act as a 'dispatcher'," and "a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule

1

effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.* at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

Here, certifying the Court's prior order under Rule 54(b) for immediate appeal would plainly violate that historic policy against piecemeal appeals. Keller filed a 179-page complaint against 26 named parties plus unknown John and Jane Does. Keller drafted that complaint in a fashion that weaves all three counts together into one story—and two of those counts are still pending on the merits. If the Court allowed Keller to immediately appeal the count that this Court dismissed without prejudice for failure to exhaust administrative remedies, then different parts of Keller's 179-page complaint could voyage to the Seventh Circuit in multiple ships at multiple times—the very definition of piecemeal appeals. *See Sears, Roebuck & Co.*, 351 U.S. at 438. Moreover, allowing Keller to immediately appeal on the exhaustion issue before his case is over sets a bad precedent: courts dismiss without prejudice counts in prisoner cases all of the time for failure to properly exhaust, and if the Seventh Circuit had to review each of these cases multiple times instead of once, then that would be a waste of judicial resources. Keller has presented no compelling argument to the contrary.

Accordingly, the Court **DENIES** Keller's motion for entry of judgment under Rule 54(b). (ECF No. 148.) The Court also must **DENY** Keller's motion for leave to appeal in forma pauperis (ECF No. 149): because there is no final, appealable order in this case, Keller's motion is improper and therefore frivolous at this juncture. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). Finally, the Court must **DISMISS** Keller's motion to recruit counsel on appeal (ECF No. 151): this Court does not have jurisdiction to appoint Keller counsel in his appellate case. The Court **DIRECTS** the Clerk of Court to send a copy of this order to the United States Court of Appeals for the Seventh Circuit for use in USCA Case Number 18-3432.

**IT IS SO ORDERED.**

**DATED: JANUARY 3, 2019**

                                                                                                         *s/ J. Phil Gilbert*
                                                                                                      **J. PHIL GILBERT**
                                                                                                       **U.S. DISTRICT JUDGE**