# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES DERRICK KELLER,

    Plaintiff,

v.

J.S. WALTON, *et al.*,

    Defendants.

Case No. 3:16-cv-00565-JPG-GCS

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Count II of plaintiff Charles Derrick Keller's complaint is a First Amendment retaliation claim against numerous federal officials at United States Penitentiary Marion, where Keller was previously imprisoned. The Government has moved for judgment on the pleadings on Count II, arguing that First Amendment retaliation claims present a new context under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and thus are barred by the Supreme Court's recent opinion in *Ziglar v. Abbassi*, 137 S.Ct. 1843, 1848 (2017). (ECF No. 115.) Magistrate Judge Sison has since issued a Report and Recommendation ("Report") that advises this Court to grant the Government's motion. (ECF No. 163.) Keller, through appointed counsel, has objected. (ECF No. 165.)

Now, the Court may accept, reject, or modify—in whole or in part—the findings or recommendations of Magistrate Judge Sison in his Report. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the Report to which Keller objected. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). And here, pursuant to Keller's broad objection, the Court has reviewed the entire Report *de novo*.

1

Nevertheless—and despite Keller's impassioned arguments—the Report is correct on the merits. Even though district courts used to routinely adjudicate First Amendment *Bivens* actions, the Supreme Court changed the game in *Ziglar v. Abbasi*, — U.S. —, 137 S.Ct. 1843 (2017). In *Ziglar*—a prisoner *Bivens* action dealing with the Fourth and Fifth Amendments—the Supreme Court held that federal courts should not expand *Bivens* actions to reach contexts that the Supreme Court has not officially recognized unless "special factors" counsel otherwise. 137 S.Ct. at 1859-60. The idea is that since *Bivens* is an implied remedy for damages under Constitutional principles rather than a legislatively-created remedy like 42 U.S.C. § 1983, courts should not expand that remedy unless there are special circumstances at hand. *Id*. at 1854–55.

The Supreme Court then explained that they have only officially recognized *Bivens* theories in three scenarios: (1) Fourth Amendment unreasonable searches and seizures; (2) Fifth Amendment gender discrimination; and (3) Eighth Amendment deliberate indifference to medical needs. *Id*. at 1855–56 (citing *Bivens*, 403 U.S. at 397; *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). The claim at issue here—First Amendment retaliation—is none of those things. And even though federal courts used to adjudicate First Amendment *Bivens* actions all the time, the Court may no longer do so according to *Ziglar*. That is especially true considering that the Supreme Court said just a few years before *Ziglar*: "We have never held that Bivens extends to First Amendment claims"—making it quite clear that the Supreme Court has not yet "officially recognized" the theory yet. *Reichle v. Howards,* 566 U.S. at 663 n. 4 (2012).

And Keller's objection does not persuade otherwise. Keller begins by arguing that the Report erred by relying on select post-*Abbasi* decisions that deal with First Amendment interference-with-mail claims, and that the Report further erred by failing "to even analyze, let

2

alone distinguish," a case from the United States District Court for the District of Columbia that Keller believes supports his argument. But the United States District Court for the District of Columbia does not create binding precedent on this Court. And if the Court does look to outside cases on this particular issue, certainly those from United States courts of appeals—such as *Bistrian v. Levi*, 912 F.3d 79, 95–96 (3d Cir. 2018), which expressly held that First Amendment retaliation claims under *Bivens* are no longer recognized, or *Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018), which held the same in regards to a First Amendment access to courts claim, or even *Butts v. Martin*, 877 F.3d 571, 588 (5th Cir. 2017), which speculated that First Amendment claims "likely present a new context under *Bivens*"—are more authoritative than a district court case. And to any extent that Keller relies on *Nunez v. Durango*, 18-CV-1018, 2019 WL 131837, at *1 (C.D. Ill. Jan. 8, 2019), that argument fails considering the order therein is likely in error. *Nunez* allowed a First Amendment *Bivens* claim to proceed on the grounds that the Seventh Circuit recognized such a claim in 1996: 21 years before *Ziglar*. And as the Court has already explained, the question under *Ziglar* is whether the Supreme Court has recognized a certain cause of action under *Bivens*—not federal courts of appeals.

Moreover, to the extent Keller argues that special factors in this case support expanding the *Bivens* remedy to himself, that argument also fails. As the Report has already noted, there are multiple alternative remedies available in cases like these. If a prisoner suffers any physical injury or loss of property as a result of the deprivation, then he can bring a claim under the Federal Tort Claims Act. Keller says that does not work in his case because he did not suffer any physical harm or loss of property—but in that case, Keller could obtain some sort of remedy under the prison's administrative-remedy process. But Keller then says that the administrative-remedy process is not enough because he cannot receive monetary damages, citing to a pre-

*Ziglar* Seventh Circuit case—*Rowe v. Shake*, 196 F.3d 778, 781–82 (7th Cir. 1999)—that centers on 42 U.S.C. § 1983 instead of *Bivens*. Even so, Keller argues, that because one of the defendants in this case allegedly ignored, misplaced, or destroyed his administrative remedies form, the administrative remedies process was not available to him anyways.

This winding argument is exactly what the Third Circuit recently rejected in *Bistrian*, 912 F.3d at 95–96. Instead, the Court there explained:

> Retaliation claims are based on an adverse action following the exercise of constitutional rights. Here, [the plaintiff] alleges that his fourth placement in the SHU was punishment for complaining about his treatment by prison officials. Like a punitive detention claim, retaliation claims like this one are grounded in administrative detention decisions. Whether to place an inmate in more restrictive detention involves real-time and often difficult judgment calls about disciplining inmates, maintaining order, and promoting prison officials' safety and security…. That strongly counsels restraint, just as in the punitive-detention context. For the same reasons we reject an extension of Bivens to that latter context, we reject it here as well. Such claims must be approached "with skepticism and particular care" because they are "easily fabricated and…may cause unwarranted judicial interference with prison administration." *Holmes v. Grant*, No. 03 Civ. 3426 RJH RLE, 2006 WL 851753, at *14 (S.D.N.Y. Mar. 31, 2006).

912 F.3d 79 at 95, 96. The Court agrees here. Because Keller's type of retaliation claim involves "executive policies, implicates separation-of-power concerns, and threatens a large burden to both the judiciary and prison officials," the Court holds that the special factors weigh against expanding *Bivens* to cover these types of claims. *Id.*

Finally, the Court has reviewed the rest of Keller's objection and finds that it does not change the outcome of this issue, although the Court certainly recognizes its passion. To any extent that Keller argues that *Ziglar* is not binding because of certain language from that opinion, or because of the legislative history of the Prison Litigation Reform Act, or because the case was decided without input from Justices Kagan, Sotomayor, or Gorsuch—who all recused themselves—this Court cannot and will not hold that subsequent Supreme Court opinions,

federal appellate courts, and district courts all over the country are in error by relying on *Ziglar*. The Court certainly recognizes, however, that Keller has preserved his impassioned argument for appeal.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Sison's Report (ECF No. 163) as supplemented by this order, **GRANTS** the Government's motion for judgment on the pleadings as to Count II (ECF No. 115), **DISMISSES** Count II **WITH PREJUDICE**, and **DIRECTS** the Clerk of Court to enter judgment accordingly at the conclusion of this case.

**IT IS SO ORDERED.**

**DATED: APRIL 8, 2019**

**s/ *J. Phil Gilbert***
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
